United States District Court
Southern District of Texas
**ENTERED**
July 26, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD FITTS, JR., a/k/a CHARLES E. FITTS, JR., | § § § | |
| Petitioner, | § § | CIVIL ACTION NO. H-21-2220 |
| v. | § § | |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition challenging his 1996 conviction and life sentence for arson causing bodily injury or death.

Having considered the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the Court **DISMISSES** this case as barred by limitations.

**I. BACKGROUND AND CLAIMS**

Petitioner was convicted of arson causing bodily injury or death in Austin County, Texas, and sentenced to life incarceration on February 2, 1996.[1] The judgment was affirmed on appeal. *Fitts v. State*, 982 S.W.2d 175 (Tex. App. — Houston [1st Dist.] 1998, pet.

---

[1] Petitioner was convicted of this offense in Cause No. 94R-096, in the 155th District Court of Austin County, Texas. He was concurrently convicted of capital murder by arson and capital murder for remuneration in Cause No. 94R-095 in the 155th District Court, for which he received two life sentences. Petitioner's challenges to the latter convictions are pending before this Court in *Fitts v. Lumpkin*, C.A. No. H-21-1847 (S.D. Tex.).

ref'd.). The Texas Court of Criminal Appeals refused discretionary review on February 24, 1999.

Although petitioner reports that he did not file an application for state habeas relief, public online records for the Austin County District Clerk's Office show that he filed an application for state habeas relief with the state trial court on April 23, 2021. *See* Case No. 94R-096-A, *Ex parte: Charles Edward Fitts, Jr.*, in the 155th District Court of Austin County, Texas. The Texas Court of Criminal Appeals denied habeas relief on June 9, 2021. *Ex parte: Charles Edward Fitts, Jr.*, WR-92,700-02 (Tex. Crim. App.).

Petitioner filed the instant federal habeas petition no earlier than May 21, 2021, claiming that the arson charges lodged against him were not supported by a valid criminal complaint. According to petitioner, every grand jury indictment in Texas must be supported by a "complaint and affidavit and jurat" in order to vest a trial court with jurisdiction. He argues that, because there was no complaint meeting these requirements in his case, his conviction is void for lack of jurisdiction.

## II. LIMITATIONS

The petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

The habeas petition form filed by petitioner in this case sets out the AEDPA statute of limitations in full, establishing that petitioner had adequate notice of the limitations provisions. Further, petitioner completed paragraph 26 of the form, which provided him an opportunity to explain why his petition was not barred by limitations. *See Day v. McDonough*, 547 U.S. 198, 209–210 (2006) (noting that courts must give *pro se* petitioners "fair notice and an opportunity to present their positions" before dismissing a habeas petition as barred by limitations). Petitioner was provided fair notice and an opportunity to present his arguments as to limitations in his case.

Limitations in this case commenced "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Discretionary review was refused in petitioner's case on February 24, 1999, and he reports he did not seek a writ of certiorari with the United States Supreme Court. Consequently, his conviction became final for purposes of AEDPA limitations ninety days later, on May 25, 1999, and limitations expired one year later on May 25, 2000. *See* SUP. CT. R. 13.1. Petitioner's state habeas application, filed in April 2021, was filed after expiration of limitations, and afforded him no tolling benefit for purposes of the AEDPA limitation. The instant federal petition is untimely by over twenty years.

Petitioner argues in paragraph 26 of his federal habeas petition that the petition is not barred by limitations, because violations of constitutional and civil rights may be raised at any time. Petitioner is incorrect. The AEDPA limitations statute does not recognize exceptions for constitutional or civil rights violations. *See* 28 U.S.C. §§ 2244(d)(l)–(2). Nor has the Supreme Court or the Fifth Circuit Court of Appeals recognized such an exception. Indeed, a federal writ of habeas corpus cannot be granted unless a petitioner shows that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Adopting petitioner's view that constitutional violations are never time-barred would require courts to ignore the entire AEDPA limitations statutory scheme.

Equally unavailing is petitioner's claim that his jurisdictional challenge surmounts the AEDPA limitations bar. Jurisdictional claims raised in federal habeas proceedings are

subject to the AEDPA one-year limitation. *See United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); *Chelf v. Thaler*, C.A. No. 4:12cv433-A, 2012 WL 6719467 (N.D. Tex. Dec. 27, 2012).

Petitioner has not shown that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Nor does he show a newly recognized constitutional right upon which his petition is based, or demonstrate that his claims are based on a "new factual predicate" that could not have been discovered previously if he had acted with due diligence. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D). Moreover, petitioner does not raise, much less establish, any viable grounds for application of equitable tolling. Accordingly, there is no statutory or other basis upon which to save petitioner's untimely federal petition, and it must be dismissed.

### III. CONCLUSION

The petition is **DISMISSED WITH PREJUDICE** as barred by limitations. All pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on JUL 2 3 2021.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE